HENRY W. SAGE ET AL. v. JOSEPH L. BURLINGAME.

*Taxes—Assessment of individual property to copartnership by order of its agent.*

In this case a copartnership is held liable for taxes levied upon lands belonging to one member of the firm, which were assessed to the firm by direction of its agent, under the rule laid down in *Hill v. Graham*, 72 Mich. 659.

Error to Ogemaw.   (Tuttle, J.)   Argued January 8 and 9, 1889.   Decided February 15, 1889.

Replevin.   Plaintiffs bring error.   Affirmed.   The facts are stated in the opinion.

*Shepard & Lyon,* for appellants.

*De Vere Hall (D. P. Markey,* of counsel), for defendant.

SHERWOOD, C. J.    Henry W. Sage resides at Ithaca, N. Y., and is the owner of a large amount of timbered lands in this State.    He and the other plaintiffs compose the firm of H. W. Sage & Co.    The firm carry on lumbering operations in this State.    All of its members reside out of the State.    Its general office and mill, however, are located at West Bay City, and Frank D. Pierson is its superintendent.    Charles Wardell is one of its employés, and, as the record tends to show, was employed in the year 1884 to look after the lands, and see that no trespass was committed; to make estimates of timber thereon; to furnish the supervisors with lists of the lands for assessment, and see that they were equitably assessed; and to appear before the boards of review in relation thereto.    None of these things were looked after by the plaintiffs, or any of them.

Some of Henry W. Sage's lands, in 1884, were situated in the township of Mills, in Ogemaw county, and in the spring of that year Wardell directed the supervisor of that township to assess these lands to the firm, and a portion of the taxes thus assessed were paid without plaintiffs' objection.    The assessor in Mills township in 1885 was the same person who made the assessment of the lands in question for 1884, and, under the direction given, assessed them in the same way to the company for 1885, and the company paid a portion of the taxes, and refused to pay the remainder, giving as a reason therefor that the lands were assessed too high.    The unpaid taxes are all for assessments upon the land.

The defendant was the treasurer for the township of Mills for 1885, and in January, 1886, by virtue of his warrant and tax roll, levied upon 491 pine logs of the

property of the company to satisfy the unpaid tax for 1885. The plaintiffs brought this suit in replevin for the logs thus taken by the treasurer, and on the trial the circuit judge directed a verdict for the defendant, and he, waiving a return of the property, took judgment for the sum of $208.75, being the amount of the tax sought to be collected, with interest and costs. The plaintiffs bring error.

We think the direction given, the material facts being undisputed, was correct, and must be sustained. One of the firm owned the lands in question upon which the assessment was made. It further appears that the assessment was made in accordance with the directions of the company, whose agent gave the instructions to the supervisor; that review-day was allowed to pass without any objections to the manner of the assessment; and under the testimony appearing relating to the authority given by the company to its agents as to the course pursued by them in giving direction as to the assessment, and their omission to make timely objections to the action of the assessor, the plaintiffs should not now be allowed to complain. Their action was such as to make the company liable for the taxes in question, and the rule laid down in *Hill v. Graham*, 72 Mich. 659 (40 N. W. Rep. 779), should be applied.

The judgment will therefore be affirmed, with costs.

The other Justices concurred.